IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.T. WAITE and WENDY PACE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| DUN and BRADSTREET | ) | **PLAINTIFFS DEMAND** |
| Defendant. | ) | **TRIAL BY JURY** |
| | ) | |

## COMPLAINT AT LAW

Plaintiffs, J.T. WAITE and WENDY PACE, (hereinafter "Plaintiffs" or "WAITE" or "PACE"), by their attorneys, LORI A. VANDERLAAN and SUSAN J. BEST, of BEST, VANDERLAAN & HARRINGTON, in complaining of Defendant, DUN and BRADSTREET (hereinafter "D&B"), states as follows:

## NATURE OF CLAIM

1.     This is an action seeking redress for retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. §1514A, common law retaliation, retaliation in violation of Illinois Whistleblowers Act, 740 ILCS 174/1, et al, and discrimination in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. §12101; and 42 U.S.C. §2000e-3.

## JURISDICTION AND VENUE

2.     Jurisdiction lies in this Court pursuant to 28 U.S.C.§1331, 18 U.S.C. §1514A, 42 U.S.C. §12101 *et seq* and 42 U.S.C. §2000e-3. Supplemental jurisdiction lies in this Court pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b), as Plaintiffs' causes of action arose in the venue herein; Plaintiffs are residents within

the Northern District of Illinois; and Defendant is a corporation doing business in the Northern District of Illinois.

**PARTIES**

4.     Plaintiff WAITE, at all relevant times to this action, was and is currently a resident of Downers Grove, DuPage County, Illinois.

5.     WAITE was and is at all relevant times relevant an employee of Defendant, D&B, and at all times relevant worked for the Defendant in the State of Illinois under their authority and control.

6.     Plaintiff PACE, at all relevant times to this action, was and is currently a resident of Naperville, DuPage County, Illinois.

7.     PACE was at all relevant times relevant an employee of Defendant, D& B, and at all times relevant worked for the Defendant in the State of Illinois under their authority and control.

8.     Defendant, D&B, is a company doing business in the State of Illinois, including northern Illinois, with two of its primary locations at 55 Shuman Blvd. Ste 1000, Naperville, IL 60563, and 20 S Clark St. #2100, Chicago, IL 60603.

**PROCEDURAL REQUIREMENTS**

9.     WAITE has fulfilled all conditions precedent to the institution of this action. He timely filed a Charge of Discrimination alleging ADA violations against Defendant with the Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit A. Further, WAITE timely filed a formal complaint against Defendant with the Department of Labor. Pursuant to 29 C.F.R. Part

1980, WAITE provided 15 days notice to the Department of Labor before filing this suit. (See copy of letter attached hereto as Exhibit B).

10.     PACE has fulfilled all conditions precedent to the institution of this action. She timely filed a complaint with the Department of Labor.  Pursuant to 29 C.F.R. Part 1980, PACE provided 15 days notice to the Department of Labor before filing this suit.  (See copy of letter attached as Exhibit C).

## **FACTUAL BACKGROUND**

11.     Plaintiffs WAITE and PACE began their employment at D&B in 2007.

12.     As of June 1, 2007, WAITE held the position of Leader of Acxiom Specialists.

13.     As of October 1, 2007, PACE held the position of Sales and Marketing Specialist.

14.     At all times Plaintiffs' performance met or exceeded the expectations of their employer, both receiving multiple awards and praises for their efforts.

15.     In Mid 2009, Plaintiff WAITE was diagnosed with cancer. WAITE's health condition rendered him disabled as defined by the Americans with Disabilities Act. Thereafter, Plaintiff WAITE informed Defendant of his disability.

16.     Plaintiff WAITE was advised by Defendant, through its agents and employees, prior to disclosure of his disability, that he was being promoted which would have resulted in a position of increased responsibility and pay.

17.     On or about late summer 2009, Plaintiff WAITE's supervisor told WAITE he would not be promoted because of his disability.

18.     A lesser qualified, non disabled employee, was promoted to the position that WAITE has previously been told he would be promoted to.

19.     On or about October 1, 2010, WAITE's supervisor advised him he was being demoted to an individual contributor role.

20.     Similarly situated non disabled employees were not demoted.

21.     WAITE was replaced by a non disabled employee.

22.     Thereafter, on or about October of 2009, D&B management required that WAITE take a leave of absence under the Family Medical Leave Act due to his disability.  Plaintiff returned to work on or about January of 2010.

23.     Similarly situated non disabled employees were not required to take a leave of absence.

24.     Prior to and after returning to work in January of 2010, WAITE was treated differently in the terms and conditions of his employment because of his disability.

25.     At all relevant times herein, WAITE was disabled within the terms of the Americans with Disabilities Act and/or WAITE had a record of a disability and/or Defendant perceived that WAITE was disabled.

26.     At all relevant times herein, WAITE could perform his job, including any job which he was considered for and/or promised for promotion either with or without a reasonable accommodation.

27.     That in September of 2010, WAITE and PACE became aware of certain sales, financial and accounting practices engaged in by Defendant which they reasonably believed violated the Sarbanes-Oxley Act.

28.     PACE was being ordered, by her then superior, to engage in such sales, financial and accounting practices, which she objected to.

29.     PACE reported the directives of her supervisor set forth in paragraph 30 above to WAITE as well as Defendant's Compliance officer, as well as her objections to the same and how she felt the same would violate applicable law.

30.     Similarly, WAITE reported to his supervisor and Human Resources the concerns he had with Defendant practices concerning the sales, financial and accounting practices set forth above and that he believed that the same were in violation of the Sarbanes-Oxley Act.

31.     WAITE was thereafter contacted by Defendant's Compliance officer and in response to question asked of WAITE, he reported to the compliance officer what he believed to be information and evidence of Defendant sales, financial and accounting practices he believed violated the Sarbanes-Oxley Act.

32.     After reporting what he believed to be violations of Federal and State law, including the Sarbanes-Oxley Act, WAITE was discriminated and retaliated against by Defendant in the terms and conditions of his employment as well in his subsequent attempts to secure employment outside of Defendant.

33.     WAITE complained about the discriminatory and retaliatory Actions taken against him because of his disability and his complaints concerning his reasonable belief that Defendant was violating Federal and State law, including but not limited to the the Sarbanes-Oxley Act and in response he was further retaliated against.

34.     On February 3, 2011, WAITE filed a complaint with the U.S. Department of Labor Occupational Safety and Health Administration alleging Defendant's violations of the Sarbanes-Oxley Act.

35.     Defendant further engaged in acts of discrimination and retaliation against WAITE after said complaint was filed.

5

36. PACE was also contacted by Defendant's Compliance officer in September of 2010 concerning the report made by PACE to WAITE and by WAITE to his superior and human resources at which time she reported to the compliance officer what she believed to be information and evidence of Defendant sales, financial and accounting practices which she believed violated Federal and State law, including but not limited to the Sarbanes-Oxley Act as well as her objections and refusal to participate in the same.

37. After PACE's complaint, she was threatened, given a verbal performance warning, disciplined and soon thereafter put on a performance plan requiring that she achieve unreachable goals or be terminated.

38. PACE complained that the verbal warning, discipline and performance plan were initiated in retaliation for her complaints that she reasonably believed that Defendant was violating the Federal and State law, including but not limited to the Sarbanes- Oxley Act and were put in place to set in motion a plan to terminate her.

39. On March 31, 2001 PACE was terminated by Defendant.

40. The verbal warning, discipline, performance plan and ultimate termination of PACE were done by Defendant to discriminate against and retaliate against PACE's for her complaints concerning her reasonable belief Defendant was violating Federal and State law, including but not limited to the Sarbanes-Oxley Act.

41. On May 23, 2011, PACE filed a complaint with the U.S. Department of Labor Occupational Safety and Health Administration alleging Defendant's violations of the Sarbanes-Oxley Act.

42. Defendant further engaged in acts of discrimination and retaliation against PACE after said complaint was filed.

## COUNT I

## VIOLATION OF THE SARBANES-OXLEY ACT -       WAITE

43.      WAITE repeats and reasserts the allegations of Paragraphs 1 through 42 as this paragraph 43 of Count I as if set forth fully herein.

44.      The Sarbones-Oxley Act, 18 U.S.C. § 1514A ("Sarbanes-Oxley") or ("the Act"), provides in relevant part as follows:

(a) **Whistleblower protection for employees of publicly traded companies.**--No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--

(1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by--

(A) a Federal regulatory or law enforcement agency;

(B) any Member of Congress or any committee of Congress; or

(C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or

(2) to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

45.     That Defendant is a company subject to the above provisions of the Sarbones-Oxley Act.

46.     WAITE reasonably and in good faith believed that Defendant's practices as alleged herein were in violation of State and Federal laws, rules and regulations, including but not limited to the Sarbanes-Oxley Act and reported the same and filed a complaint concerning the same as fully alleged herein.

47.     Defendant demoted, threatened, harass, otherwise discriminated against and retaliated against WAITE in the terms and conditions of employment and relative to his outside employment opportunities because WAITE reported to proper parties the actions of Defendant he believed to be in violation of the Sarbanes-Oxley Act.

48.     Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff WAITE's federally protected rights and to his physical well being.

49.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff J.T. WAITE respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate him for his injuries and

damages for Defendant's violation of Plaintiffs' rights under the Sarbanes-Oxley Act of 2002 and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

## COUNT II

## VIOLATION OF THE SARBANES-OXLEY ACT -      PACE

50.    PACE repeats and reasserts the allegations of Paragraphs 1 through 42 and paragraphs 44 -45, as this paragraph 50 of Count II as if set forth fully herein.

51.    PACE reasonably and in good faith believed that Defendant's practices were in violation of State and Federal laws, rules and regulations, including but not limited to the Sarbanes-Oxley Act and reported the same and filed a complaint concerning the same as fully alleged herein.

52.    Defendant warned, disciplined, terminated, threatened, harass, otherwise discriminated against and retaliated against PACE in the terms and conditions of employment and in her efforts to obtain unemployment compensation insurance after her employment was terminated because PACE reported to proper parties the actions of Defendant she believed to be in violation of the Sarbanes-Oxley Act.

53.    Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff PACE's federally protected rights and to his physical well being.

9

54.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff PACE has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff WENDY PACE respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the Sarbanes-Oxley Act of 2002 and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

## COUNT III
## COMMON LAW RETALIATION - WAITE

55.     WAITE repeats and reassert the allegations of Paragraphs 1 through 42 as this paragraph 55 of Count III as if set forth fully herein.

56.     Misrepresenting the financial state of a large corporation, misrepresenting financial reports, distorting records, and misappropriating money, engaging in sales and accounting tactics that misrepresent revenues and receivables, among other activities, is illegal and in violation of clearly mandated public policies within state and federal laws, including but not limited to the Sarbanes Oxley Act of 2002, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and the Illinois Business Corporation Act of 1983 (805 ILCS 5/12.55) and otherwise violated State and Federal laws, rules and regulations.

57.     WAITE reasonably and in good faith believed that Defendant's practices as alleged herein were in violation of State and Federal laws, rules and regulations, including but not limited to the Sarbanes-Oxley Act and reported the same, objected and refused to engaged in the same and filed a complaint concerning the same as fully alleged herein.

58.     Defendant's actions as alleged herein were in violation of clearly mandated public policies set forth above.

59.     Defendant discriminated and retaliated against WAITE for his complaints and reporting of the actions of Defendant that were in violation of clearly mandated public policies as fully alleged herein.

60.     Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff WAITE's federally protected rights and to his physical well being.

61.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation,

medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff J.T. WAITE respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiffs' rights against retaliatory discharge and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

## COUNT IV
## COMMON LAW RETALIATION - PACE

62.     PACE repeats and reassert the allegations of Paragraphs 1 through 42 as this paragraph 62 of Count IV as if set forth fully herein.

63.     Misrepresenting the financial state of a large corporation, misrepresenting financial reports, distorting records, and misappropriating money, among other activities, is illegal and in violation of clearly mandated public policies within state and federal laws, including but not limited to the Sarbanes Oxley Act of 2002, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and the Illinois Business Corporation Act of 1983 (805 ILCS 5/12.55) and otherwise violated State and Federal laws, rules and regulations.

64.    PACE reasonably and in good faith believed that Defendant's practices as alleged herein were in violation of State and Federal laws, rules and regulations, including but not limited to the Sarbanes-Oxley Act and reported the same, objected and refused to engaged in the same and filed a complaint concerning the same as fully alleged herein.

65.    Defendant's actions as alleged herein were in violation of clearly mandated public policies set forth above.

66.    Defendant discriminated and retaliated against PACE for her complaints and reporting of the actions of Defendant that were in violation of clearly mandated public policies as fully alleged herein.

67.    Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff PACE's federally protected rights and to his physical well being.

68.    As a direct and proximate result of the acts engaged in by Defendant, Plaintiff has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff WENDY PACE respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights against retaliatory discharge and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of

13

future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

## COUNT V

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER STATUTE
## 740 ILCS 174/1 et al - WAITE

69.     WAITE repeats and reasserts the allegations of Paragraphs 1 through 42 and paragraphs 56-57 as this paragraph 69 of Count V as if set forth fully herein.

70.     The Illinois Whistleblower Act, 740 ILCS 174/1 et. Seq. provides in relevant part as follows:

**174/15. Retaliation for certain disclosures prohibited**

§ 15. Retaliation for certain disclosures prohibited. An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

**$174/20. Retaliation for certain refusals prohibited**

§ 20. Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

71.     Defendant is a company subject to the provisions of the Illinois Whistleblower Act.

72.     The actions taken by Defendant against WAITE as alleged herein were done in discrimination of and in retaliation for WAITE exercising his rights under the Illinois Whistleblower Act.

73.     Defendant violated the Illinois Whistleblower Act by discriminating and retaliating against WAITE as fully alleged herein.

74.     Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff WAITE's federally protected rights and to his physical well being.

75.      As a direct and proximate result of the acts engaged in by Defendant, WAITE has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff J.T. WAITE, respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Illinois Whistleblower Act and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs,

15

liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

## COUNT VI

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER STATUTE
### 740 ILCS 174/1 et al - PACE

76.     PACE repeats and reasserts the allegations of Paragraphs 1 through 42 and 63-64 as this paragraph 76 of Count VI as if set forth fully herein.

77.     The Illinois Whistleblower Act, 740 ILCS 174/1 et. Seq. provides in relevant part as follows:

**174/15. Retaliation for certain disclosures prohibited**

§ 15. Retaliation for certain disclosures prohibited. An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

**$174/20. Retaliation for certain refusals prohibited**

§ 20. Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

78.     Defendant is a company subject to the provisions of the Illinois Whistleblower Act.

79.     The actions taken by Defendant against PACE as alleged herein were done in discrimination of and retaliation for PACE exercising her rights under the Illinois Whistleblower Act.

80.     Defendant violated the Illinois Whistleblower Act by discriminating and retaliating against PACE and full alleged herein.

16

81.     Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff PACE's federally protected rights and to his physical well being.

82.     As a direct and proximate result of the acts engaged in by Defendant, PACE has suffered severe financial damages, loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any damages allowed under the Sarbanes Oxley Act.

WHEREFORE, Plaintiff WENDY PACE, respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the Illinois Whistleblower Act and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

**COUNT VII**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - WAITE**

83.    Plaintiff WAITE repeats and reasserts Paragraphs 1 through 42 as this Paragraph 83 of Count VII as though fully set forth herein.

84.    The Americans with Disabilities Act (ADA) makes it unlawful for any employer to discriminate against an employee in the terms and conditions of his employment because of that employee's disability.  42 U.S.C. §12101 *et seq.*

85.    Defendant subjected Plaintiff WAITE to differential treatment and adverse actions and otherwise discriminated against him in the course of his employment, in violation of the ADA, 42 U.S.C. §12101 *et seq.*, including but not limited to, differences in the terms and conditions of his employment, demoting him in pay and position, refusing to promote him, and interfering with his outside employment opportunities. Any other reason given for said behavior is pre-textual.

86.    Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff WAITE's federally protected rights and to his physical well being.

87.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff WAITE suffered severe financial damages, including but not limited to reduction in salary, loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation and other exemplary damages, attorneys fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiffs J.T. WAITE, respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate them for their

injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

**COUNT VIII**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT- RETALIATION -**
**WAITE**

88.    Plaintiff WAITE repeats and reasserts Paragraphs 1 through 42 as this Paragraph 88 of Count VIII as though fully set forth herein.

89.    42 U.S.C. §2000e-3 makes it unlawful for an employer to retaliate against an employee who:

1.  opposes a practice made unlawful by the ADA or

2.  who engages in filing a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the applicable statute (the "participation" clause).

90.    WAITE complained about unlawful discrimination under the ADA as fully alleged herein.

91.     WAITE filed a charge of discrimination with the EEOC alleging continuing violations of the ADA on May 13, 2011.

92.     In retaliation for his complaints and/or filing a charge of discrimination, Defendant subjected Plaintiff WAITE to retaliatory treatment in the terms and conditions of his employment in violation of the ADA, 42 U.S.C. §12101 *et seq*., and 42 U.S.C. §2000e-3, including but not limited to, differences in the terms and conditions of his employment, demoting him in pay and position, refusing to promote him, and interfering with his outside employment opportunities. Any other reason given for said behavior is pre-textual.

93.     Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff WAITE's federally protected rights and to his physical well being.

94.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff WAITE suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiffs J.T. WAITE, respectfully requests judgment against Defendant, DUN and BRADSTREET, in an amount that will fully compensate them for their injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, interest on lost earnings, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, mental anguish, embarrassment, personal humiliation, impairment to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs,

liquidated damages and prejudgment interest, any other non-economic harm, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,
**J.T. WAITE and WENDY PACE**

*/s/ Lori A. Vanderlaan*
One of Their Attorneys

Lori A. Vanderlaan
Susan J. Best
**BEST, VANDERLAAN & HARRINGTON**
25 East Washington Street, Suite 210
Chicago, Illinois 60602
(312) 819-1100
(312) 819-8062 (facsimile)
lvanderlaan@bestfirm.com
sbest@bestfirm.com